**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-20494

RENE L. MINJARES, JOHN F. PERRY, GERALD S. ROSS,
WILLIAM E. TWYMAN, BRUCE FORREST,                    Plaintiffs-Appellants,

versus

INDEPENDENT ASSOCIATION OF CONTINENTAL PILOTS,
PATRICK J. BURKE, JOHN H. PRATER, RANDY J. NEWMAN,
EDWARD J. PEARCE, VINCE SCHIRETTA,                   Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Texas

June 20, 2002

Before STEWART and CLEMENT, Circuit Judges.[*]

CARL E. STEWART, Circuit Judge:

---

[*] Judge Politz was a member of the panel that heard oral arguments. However, due to his death on May 25, 2002, he did not participate in this decision. This case is being decided by a quorum pursuant to 28 U.S.C. § 46(d) (1996).

Plaintiffs Rene Minjares, John F. Perry, Gerald S. Ross, William E. Twyman, and Bruce Forrest (collectively, the "Pilots"), appeal from the district court's ruling that the proposed merger of the Pilots' union, the Independent Association of Continental Pilots ("Independent"), with another union, the Air Line Pilots Association International ("Air Line"), did not violate Independent's constitution and bylaws ("Constitution"). Because we find that this dispute falls within the exclusive jurisdiction of the National Mediation Board ("Board"), we REVERSE and REMAND with instructions to dismiss the Pilots' claim for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

Independent was organized in 1991 and is comprised of pilots who fly for Continental Airlines and Continental Express. In 1993, Independent was certified by the Board to represent and promote the interests and rights of its members. Concomitantly, Independent's organizational structure was established through the adoption of its Constitution.

On December 12, 2000, Independent's Board of Directors ("BOD") agreed to merge Independent with Air Line. Under the proposed merger, Independent's certification as representative of its members would be transferred to Air Line, along with $12 million in assets. Pursuant to Independent's Constitution, a vote was required to ratify the merger. Four days before the ballots were distributed, the Pilots, all Independent members, filed their Original Petition and Application for Temporary Restraining Order and for Temporary Injunction in state court claiming, among other things, that the merger violated the Constitution of Independent. The defendants removed and the district court denied the request for a temporary restraining order. To expedite matters before the scheduled vote, the Pilots requested that a separate trial be held to determine whether the proposed merger violated the Constitution. The court granted the request and a bench trial was held. The

2

court found that the merger did not violate the Constitution. Subsequently, the Pilots moved to dismiss their remaining claims without prejudice. While the motion was pending, the Pilots appealed to this Court with motions for interlocutory appeal, an injunction pending appeal, and a request for an expedited appeal. Independent opposed the motions and moved for summary dismissal of the appeal due to absence of a final judgment, the failure to satisfy 28 U.S.C. § 1292(a)(1) (2001), and the absence of jurisdiction. We denied the Pilots' motions and, subsequently, the district court granted their motion to dismiss without prejudice and issued final judgment. The Pilots appealed again. Independent's motion for summary dismissal, which alleged lack of jurisdiction, was denied as moot.

## DISCUSSION

Before we can reach the merits of the Pilots' claim, we must address Independent's contention that this Court lacks jurisdiction. Independent avers that Section 152, Ninth, of the Railway Labor Act ("RLA") commits questions about union representation to the exclusive jurisdiction of the Board. See 45 U.S.C. § 152, Ninth (1986). It contends that the Pilots' challenge to the merger falls within the ambit of a representational dispute, over which the Board has sole jurisdiction. The Pilots counter that this Court has jurisdiction pursuant to 28 U.S.C. § 1291 (1993). They argue that this case is not a mere "representational dispute" because it does not involve a dispute "among a carrier's employees as to who [are] the representatives of such employees." See § 152. They aver that the Board's jurisdiction is limited to disputes between rival employee representatives, as opposed to the current dispute, which they argue is among union members and their representative.

The district court found that this was not a jurisdictional dispute between unions nor a dispute over who is the representative of the Pilots. Rather, it found that this is an internal dispute between

3

union members and their undisputed collective bargaining representative. Thus, the court concluded that it had jurisdiction. We disagree.

We review questions of jurisdiction *de novo*. Treaty Pines Inv. P'ship v. Comm'r of Internal Revenue, 967 F.2d 206, 210 (5th Cir. 1992). Section 152, Ninth of the RLA, commits "representation disputes" to the exclusive jurisdiction of the Board. Landry v. Airline Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 414 (5th Cir. 1990). It provides:

> Disputes as to identity of representatives; designation by Mediation Board; secret elections
>
> If any dispute shall arise among a carrier's employees as to who are the representatives of such employees designated and authorized in accordance with the requirements of this chapter, it shall be the duty of the Mediation Board . . . to investigate such dispute and to certify to both parties . . . the name or names of the individuals or organizations that have been designated and authorized to represent the employees involved in the dispute, and certify the same to the carrier. Upon receipt of such certification the carrier shall treat . . . the representative so certified as the representative of the craft or class for the purposes of this chapter.

45 U.S.C. § 152, Ninth.

Disputes which involve the determination of the certified representative of airline employees in collective bargaining and contract administration are classified by the RLA as "representation disputes." Landry, 901 F.2d at 414; see also Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Tex. Int'l Airlines, Inc., 717 F.2d 157, 159 (5th Cir. 1983) ("It is the duty of the Board to investigate any dispute as to who is the collective bargaining representative of employees and to certify the organization properly designated.").

We have held that the courts have jurisdiction to settle a dispute which poses a genuine issue as to the validity of a collective bargaining agreement. Order of Ry. Conductors & Brakemen v. Switchmen's Union of N. Am., 269 F.2d 726, 729 (5th Cir. 1959). However, "district courts have

no such authority where 'validity' of the contract depends upon the merits of a representation dispute." Bhd. of Locomotive Firemen & Enginemen v. Seaboard Coast Line R.R. Co., 413 F.2d 19, 24 (5th Cir. 1969) (quoting Div. No. 14, Order of R.R. Telegraphers v. Leighty, 298 F.2d 17, 20 (4th Cir. 1962)). In Int'l Bhd. of Teamsters, the Teamsters were informed that upon merger, Continental Airlines's employment policies would apply and the Teamsters' collective bargaining agreement would cease to be effective. 717 F.2d at 158. The Teamsters sought a declaratory judgment that its collective bargaining agreement would remain effective until a new employee representative was certified. Id. They acknowledged that the merger created a representational dispute, but argued that this issue had nothing to do with the validity of the collective bargaining agreement. Id. at 163. We concluded that the collective bargaining agreement could not be "dissected" because it was not merely a negotiated contract; instead, the agreement itself recognized the Teamsters' as the bargaining representative. Id. As such, we found that the district court lacked subject matter jurisdiction to determine the collective bargaining agreement's validity because such a determination would implicitly decide the Teamsters' status as collective bargaining representative. Id. at 161, 164.

In Air Line Pilots Ass'n, Int'l v. Tex. Int'l Airlines, the Second Circuit found that it lacked jurisdiction to intervene in an allegedly illegal attempt by Texas International Airlines to circumvent its collective bargaining obligations. 656 F.2d 16, 20, 24 (2d Cir. 1981). The Court noted that judicial intervention "would necessarily involve [a determination of] whether [the Air Line Pilots Association was] the proper representative of the [union]." Id. at 22. As such, the Court concluded that the action was not justiciable. Id. at 24.

Independent asserts that Int'l Bhd. of Teamsters is inapposite because it dealt with the Board's specific jurisdiction to conduct an election after a merger, which differs from the case before

5

this Court.  In Int'l Bhd. of Teamsters, however, the Teamsters asserted that they only sought a declaration as to the continued validity of the collective bargaining agreement during a merger.  717 F.2d at 161.  Nonetheless, we concluded that if we granted injunctive relief, thereby maintaining the status quo, the result would be that "at least during the period of the injunction," we would have decided the representation issue.  Id. at 161.  As in Int'l Bhd. of Teamsters and Air Line Pilots Ass'n, any decision we make about the validity of the merger between Air Line and Independent necessarily will decide the representation issue.

In Int'l Ass'n of Machinists & Aerospace Workers v. Northeast Airlines, Inc., the plaintiff union had been the representative of certain Northeast Airlines employees prior to a merger with Delta.  536 F.2d 975, 976 (1st Cir. 1976).  The union sued Delta, claiming that Delta's failure to bargain violated its substantive duties under the RLA.  In affirming the dismissal of the complaint, the court stated that "[a]t the very least, the merger created real doubts about whether plaintiffs represent the majority of any Delta craft or class of employees, and where there is such doubt, federal courts leave resolution of the dispute to the National Mediation Board."  Id. at 977.

We recognize that, unlike the issue presented in Int'l Ass'n of Machinists, a union's decision to merge into another union could be viewed as a purely internal union matter, having no relationship to the RLA process.  However, the practical effect of our interfering with the merger would be a court imposed decision effectively deciding who represents the Pilots.  This fact, together with the historically limited role of the courts in enforcing the RLA, leads us to conclude that the RLA "affords the sole and mandatory means for resolving" the dispute.  See Summit Airlines, Inc. v. Teamsters Local Union No. 295, 628 F.2d 787, 793 (2d Cir. 1980).  Because we conclude that the courts lack jurisdiction over this matter, we do not reach the merits of Independent's argument

6

regarding the merger.

## CONCLUSION

Because this claim should have been dismissed for want of jurisdiction, we REVERSE and REMAND with instructions to dismiss for lack of jurisdiction.

REVERSED and REMANDED.